IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) | NO. 16 C 4455 |
| BOSLY CONSTRUCTION, LLC, an Illinois limited liability company, | ) ) ) ) | JUDGE ROBERT M. DOW, JR. |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO REOPEN CASE FOR THE LIMITED
PURPOSE OF ENFORCING THE TERMS OF THE SETTLEMENT
AGREEMENT AND RELEASE AND ENTERING JUDGMENT AGAINST
DEFENDANT AND JASMIN BILICH, INDIVIDUALLY**

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, by their attorneys, and move the Court for the entry of an order reopening this action for the limited purpose of enforcing the terms of the Settlement Agreement and Release (entered into between the parties on or about May 1, 2017) and entering judgment against Defendant, Bosly Construction, LLC, an Illinois limited liability company ("Defendant" or "Bosly"), and Jasmin Bilich, individually ("Bilich"). In support of the Motion, Plaintiffs state as follows:

1. This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans known as the Central Laborers' Pension, Annuity and Welfare Funds, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreements entered into with Laborers' Local Union No. 32 and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained.

Specifically, Plaintiffs allege that Defendant failed to remit payment of contributions for work performed on its behalf by beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On May 16, 2017, an Agreed Order of Dismissal incorporating the terms for settlement agreed to by the parties as set forth in the Settlement Agreement and Release was entered by this Court (a copy of the Agreed Order of Dismissal is attached hereto as Exhibit 1).

3. Defendant and Bilich agreed that they owed the total amount of $168,207.80 in contributions and $13,768.63 in liquidated damages for September 2015 through December 2016. After application of payments totaling $67,037.35, Defendant and Bilich continued to owe $114,939.08, plus a shortage of $649.80 for August 2016, as described in Paragraph 2 of the Settlement Agreement (a copy of the Settlement Agreement and Release is attached hereto as Exhibit 2).

4. Defendant and Bilich agreed they owed $2,078.48 in contributions, $207.85 in liquidated damages and $1,811.20 in audit fees for the audit period June 1, 2014 through September 30, 2016, as described in Paragraph 4 of the Settlement Agreement.

5. Defendant and Bilich agreed they owed $4,771.00 incurred by the Plaintiff Funds in attorneys' fees through February 28, 2017, as described in Paragraph 5 of the Settlement Agreement.

6. Defendant and Bilich offered, and the Plaintiff Funds agreed to accept, the total amount of $109,424.98, plus 9.5% interest, over a period of ten months in settlement of this matter (as set forth in Exhibit A of the Judgment Note attached to the Settlement Agreement and Release). Upon final payment of this settlement amount, the Plaintiff Funds agreed to waive the liquidated damages of $13,768.63 due for September 2015 through December 2016.

7. Defendant agreed to remain current with respect to its submission of monthly reports and fringe benefit contributions that may become due throughout the period of the payment schedule.

8. In the event Defendant and Bilich failed to submit the payments as agreed in Paragraph 6 and set forth in Exhibit A to the Judgment Note, or failed to timely submit current reports and contributions as they become due during the payment schedule, Defendant shall be considered in default of the Settlement Agreement. Defendant shall have a period of 30 days from the date of said default to cure its default. As a courtesy, Plaintiff Funds and/or their attorney would notify Defendant and its attorneys that the Plaintiff Funds are aware of said default and may take action to enforce the Settlement Agreement. If Defendant has not cured its default within the agreed time period, the Funds shall be entitled to file a motion in this federal court to reopen the case for the limited purpose of entering judgment against Defendant and Bilich for all unpaid installments due under the Judgment Note, the waived liquidated damages in the amount of $13,768.63 and the Funds' reasonable attorneys' fees and costs incurred as a result of enforcing the Settlement Agreement. The parties further agreed that the Plaintiff Funds may request that judgment be entered against Defendant only for the additional contributions and liquidated damages that may be owed during the course of the Settlement Agreement and Judgment Note and Bilich's liability shall not extend to any additional contributions and liquidated damages that may become due.

9. On or about March 29, 2017, Defendant and Bilich submitted the down payment of $20,000.00 and on or about April 26, 2017 submitted the first installment payment of $11,474.05 due by May 1, 2017. As of June 6, 2017, Defendant and Bilich have failed to submit the second installment payment of $10,577.46, which was due by June 1, 2017.

10. On or about May 16, 2017, Plaintiffs' counsel was notified by Plaintiff Funds that the $20,000.00 down payment and first installment of $11,474.05 were returned by its bank for non-sufficient funds. Plaintiffs' counsel sent an e-mail to Defendant and Bilich's attorney regarding the returned checks and requesting a replacement in the form of a certified check, otherwise she would have to return to court to enforce the terms of the Settlement Agreement.

11. As of the date of filing the instant Motion, Defendant and/or Bilich have not submitted a replacement check for the down payment of $20,000.00 and first installment of $11,474.05, which were returned NSF, and has failed to submit the second installment of $10,577.46, which was due by June 1, 2017 under the Judgment Note and Settlement Agreement.

12. For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reopening this action for the limited purpose of enforcing the terms of the Settlement Agreement and Release and entering judgment against the Defendant and Bilich, individually. Specifically, Plaintiffs request:

   A. That judgment be entered in favor of Plaintiffs and against Defendant, Bosly Construction, LLC and Jasmin Bilich, individually, to include the amount of $91,551.81, being the total amount remaining due for contributions, liquidated damages and attorneys' fees as set forth in the Judgment Note attached to the Settlement Agreement and Release.

   B. That judgment be entered in favor of Plaintiffs and against Defendant, Bosly Construction, LLC and Jasmin Bilich, individually, to include an additional $2,767.50 in attorneys' fees incurred by the Plaintiffs in this matter since February 28, 2017, which includes one and one-quarter (1.25) additional hours for the preparation of the instant motion and one (1) additional hour of attorneys' fees to appear for the hearing on the instant motion.

   C. That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/ Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

# CERTIFICATE OF SERVICE

       The undersigned, an attorney of record, hereby certifies that on or before the hour of 5:00 p.m., this 6th day of June 2017, she electronically filed the foregoing document (Motion to Reopen) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

                      Ms. Kathleen M. Cahill
                      Allocco Miller & Cahill, P.C.
                      20 N. Wacker Drive, Suite 3517
                      Chicago, IL   60606-2806
                      kmc@alloccomiller.com

                                            /s/   Cecilia M. Scanlon


Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\CLJ\Bosly Construction\motion to reopen case and enter judgment.cms.df.wpd