IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) | NO. 16 C 4455 |
| BOSLY CONSTRUCTION, LLC, an Illinois limited liability company, | ) ) ) ) | JUDGE ROBERT M. DOW, JR. |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO REOPEN CASE FOR THE LIMITED
PURPOSE OF ENFORCING THE TERMS OF THE AMENDED SETTLEMENT
AGREEMENT AND RELEASE AND ENTERING JUDGMENT
AGAINST DEFENDANT AND JASMIN BILICH, INDIVIDUALLY**

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, by their attorneys, and move the Court for the entry of an order reopening this action for the limited purpose of enforcing the terms of the Amended Settlement Agreement and Release entered into between the parties in August 2017, which incorporates the Amended Judgment Note, and entering judgment against Defendant, Bosly Construction, LLC, an Illinois limited liability company ("Defendant" or "Bosly"), and Jasmin Bilich, individually ("Bilich"). In support of the Motion, Plaintiffs state as follows:

1. This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans known as the Central Laborers' Pension, Annuity and Welfare Funds, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreements entered into with Laborers' Local Union No. 32 and

the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to remit payment of contributions for work performed on its behalf by beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On May 16, 2017, an Agreed Order of Dismissal incorporating the terms for settlement agreed to by the parties as set forth in the Settlement Agreement and Release was entered by this Court (hereafter referred to as the "First Settlement Agreement and Release").

3. Pursuant to the First Settlement Agreement and Release, Defendant and Bilich offered, and the Plaintiff Funds agreed to accept, the total amount of $109,424.98, plus 9.5% interest, over a period of ten months in settlement of this matter (as set forth in Exhibit A of the Judgment Note attached to the Settlement Agreement and Release). Upon final payment of this settlement amount, the Plaintiff Funds agreed to waive the liquidated damages of $13,768.63 due for September 2015 through December 2016.[1]

4. In August 2017, Defendant and Bilich offered, and the Plaintiff Funds agreed to accept, the total amount of $87,147.37, plus 9.5% interest, over the course of 12 months in settlement of this matter (as set forth in Exhibit A of the Amended Judgment Note attached to the Amended Settlement Agreement and Release (copy attached). Despite Bosly's default under the first Settlement Agreement and Release, the Plaintiff Funds agreed to waive the liquidated damages of

---

[1]Defendant and Bilich defaulted under the First Settlement Agreement and Release and the Plaintiff Funds filed a motion to reopen this matter and enforce the First Settlement Agreement and Release. Although under no obligation to do so, Plaintiff Funds agreed to amend the parties' original Settlement Agreement.

$13,768.63 due for September 2015 through December 2016 upon satisfactory compliance with the terms of the Amended Settlement Agreement and Release and the Amended Judgment Note.

5. On March 2, 2018, an Amended Agreed Order of Dismissal was entered by this Court.

6. Defendant agreed to remain current with respect to its submission of monthly reports and fringe benefit contributions that may become due throughout the period of the payment schedule set forth in Exhibit A of the Amended Judgment Note.

7. In the event Defendant and Bilich failed to submit the payments as agreed to in the Amended Settlement Agreement and Release and Exhibit A to the Amended Judgment Note attached thereto, or failed to timely submit current reports and contributions as they become due during the payment schedule, Defendant shall be considered in default of the Amended Settlement Agreement and Release. Defendant shall have a period of 14 days from the date of said default to cure its default. As a courtesy, Plaintiff Funds and/or their attorney would notify Defendant and its attorneys that the Plaintiff Funds are aware of said default and may take action to enforce the Amended Settlement Agreement and Release. If Defendant has not cured its default within the agreed time period, the Funds are entitled to file a motion in this federal court to reopen the case for the limited purpose of entering judgment against Defendant and Bilich for all unpaid installments due under the Amended Judgment Note, the waived liquidated damages in the amount of $13,768.63 and the Funds' reasonable attorneys' fees and costs incurred as a result of enforcing the Settlement Agreement and Amended Settlement Agreement. The parties further agreed that the Plaintiff Funds may request that judgment be entered against Defendant only for the additional contributions and liquidated damages that may be owed during the course of the Amended Settlement Agreement and

Amended Judgment Note and Bilich's liability shall not extend to any additional contributions and liquidated damages that may become due.

8. On February 10, 2018, Defendant and Bilich submitted the seventh installment payment of $7,613.85 which was due by February 1, 2018. On or about March 15, 2018, the Plaintiff Funds notified that Defendant's seventh installment payment of $7,613.85 was returned by its bank indicating "non sufficient funds." As of the date of filing the instant motion, this check has not been replaced by Defendant and Bilich.

9. Further, Defendant and Bilich have failed to submit the eighth installment of $7,526.91, due by March 1, 2018, and the ninth installment of $7,496.66, due by April 1, 2018.

10. Pursuant to Paragraph 10 of the Amended Settlement Agreement and Release, on March 16, 2018, Plaintiffs' counsel notified Defendant and Bilich's counsel that the seventh installment was returned NSF and that the Funds did not receive the eighth installment.

11. As of the date of filing the instant Motion, Defendant and/or Bilich have not submitted the seventh through ninth installments of $7,613.85, $7,526.91 and $7,496.66, which were due by February 1, 2018, March 1, 2018 and April 1, 2018 under the Amended Judgment Note and Amended Settlement Agreement and Release.

12. For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reopening this action for the limited purpose of enforcing the terms of the Amended Settlement Agreement and Release and entering judgment against the Defendant and Bilich, individually. Specifically, Plaintiffs request:

    A. That judgment be entered in favor of Plaintiffs and against Defendant, Bosly Construction, LLC and Jasmin Bilich, individually, to include the amount of $43,573.69, being the balance remaining due for contributions, liquidated damages

and attorneys' fees as set forth in the Amended Judgment Note attached to the Amended Settlement Agreement and Release.

B. That judgment be entered in favor of Plaintiffs and against Defendant, Bosly Construction, LLC and Jasmin Bilich, individually, to include $13,768.63 in previously-waived liquidated damages.

C. That judgment be entered in favor of Plaintiffs and against Defendant, Bosly Construction, LLC and Jasmin Bilich, individually, to include an additional $6,585.00 in attorneys' fees incurred by the Plaintiffs in this matter since February 28, 2017, which includes one (1.00) additional hour for the preparation of the instant motion and one (1) additional hour of attorneys' fees to appear for the hearing on the instant motion.

D. That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/ Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6288574
Telephone: (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\CLJ\Bosly Construction\motion to reopen case and enter judgment (3).cms.df.wpd

<u>CERTIFICATE OF SERVICE</u>

   The undersigned, an attorney of record, hereby certifies that on or before the hour of <u>4:00 p.m.</u>, this <u>24th</u> day of <u>April 2018</u>, she electronically filed the foregoing document (Motion to Reopen) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    Ms. Kathleen M. Cahill
    Allocco Miller & Cahill, P.C.
    20 N. Wacker Drive, Suite 3517
    Chicago, IL 60606-2806
    kmc@alloccomiller.com

          /s/ Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6288574
Telephone: (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\CLJ\Bosly Construction\motion to reopen case and enter judgment (3).cms.df.wpd